PACIFIC SOUTHWEST TRUST & SAVINGS BANK, NOW LOS ANGELES-FIRST NATIONAL TRUST & SAVINGS BANK, EXECUTOR OF THE WILL OF RICHARD SYKES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12136.   Promulgated January 17, 1929.

*Hugh W. McCulloch, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

1376

1382

1384

OPINION.

TRAMMELL: The petitioner contends that the respondent erred in increasing the gross estate by the value at the time of the decedent's death of the property held by the trustees under the trust agreements of April 1, 1916, December 1, 1917, and January 8, 1920, and by not eliminating from the gross estate the value at the time of the decedent's death of the property held by the trustee under the trust agreement of April 7, 1916, and reported in the estate-tax return as a part of the gross estate.

In support of this, the petitioner urges that no one of the transfers was made by Sykes in contemplation of death or to take effect in possession or enjoyment at or after his death.

The respondent in his brief concedes that the transfers of April 1, 1916, and April 7, 1916, were not made in contemplation of death and it therefore becomes unnecessary to consider the question of whether they were made in contemplation of death.

With respect to the transfers of December 1, 1917, and January 8, 1920, the presumption of the statute that they were made in contemplation of death does not apply, since they were made more than 2 years prior to the death of Sykes on May 31, 1923. This leaves the petitioner in the position of having to overcome only the presumption of the correctness of the respondent's determination on this point.

The evidence shows that during the period from 1916 to 1920, Sykes was strong and active, except for the periodic attacks of gout, which he had had since he was between 40 and 50 years of age. These attacks, which occurred about twice a year, would keep him at home about a week or two each time and then he would go about his affairs as usual. These attacks, however, never disabled him so that he could not look after his business affairs and on the day of his death was attending to his correspondence. He had no other disease, and, except when suffering from the attacks of gout, he found much enjoyment in his business and his surroundings. His mind was always clear and alert. The testimony of Sykes' banker, his lawyer, his wife, a neighbor whom he saw often, and the doctor who attended him during the last few years of his life, shows that he did not discuss with them the possibility of an early or imminent death or express to them any fear or apprehension as to death in the near future. While Sykes was 78 years old when he made the transfer in 1917 and about 80 when he made the one in 1920, we do not think that this fact is conclusive or even indicative of contemplation of death within the meaning of the statute.

The evidence shows that Sykes' reason for creating the trusts was that the beneficiaries, his two sons, would not receive the trust corpus all at once but from time to time. By placing the property in different trusts he was diversifying the management and control of it. In addition to the foregoing, the evidence shows that in making the transfer of December 1, 1917, Sykes had in view the better management of his large real estate holdings in North Dakota.

From a consideration of all the evidence, we are of the opinion that the transfers of December 1, 1917, and January 8, 1920, were not made in contemplation of death as that phrase has been interpreted by the courts and by this Board. We think the evidence leads to the conclusion that the expectancy of death in the near future (and not merely in the usual course of events) was not present and was not the moving cause of the conveyances to the trustees.

As none of the four transfers here involved was made in contemplation of death, there remains only the question of whether they were made to take effect in possession or enjoyment at or after death. On the authority of the case of *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, it is our opinion that the trust dated April 1, 1916, in which the grantor reserved the power of revocation, did not take effect until at or after his death, and it is therefore to be included in the decedent's gross estate.

With respect to the other trusts, it is our opinion based on the reasoning of the *Reinecke* v. *Northern Trust Co.* case, *supra*, that they were completed trusts and did not take effect at or after death of the grantor and not having been made in contemplation of death, should not be included in the decedent's gross estate.

*Judgment will be entered under Rule 50.*